ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
ALISON S. HIGHTOWER, Bar No. 112429
ahightower@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:  415.433.1940
Fax No.:    415.399.8490

Attorneys for Defendant
INSULET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI JOHNSON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INSULET CORPORATION, a Delaware Corporation, and DOES 1-50, Inclusive,<br><br>Defendants. | Case No.  2:20-cv-03022-MCS-ASx<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT INSULET CORPORATION'S MOTION TO TRANSFER VENUE OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:        March 1, 2021<br>Time:        9:00 a.m.<br>Judge:      Hon. Mark C. Scarsi |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on March 1, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7C - 7th Floor of the District Court of the Central District of California, located at the First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012-4565, before the Honorable Judge Mark C. Scarsi, Defendant Insulet Corporation (hereinafter "Defendant") will, pursuant to 28 U.S.C. § 1404(a), move to transfer this action from the Los Angeles Division of the U.S. District Court for the Central District of California to the Boston Division of the U.S. District Court for the District of Massachusetts or, alternatively, to dismiss.

This Motion is brought on the grounds that litigating this action in the District of Massachusetts would be more convenient for the parties and the witnesses, and such transfer would be in the interest of justice.  Defendant therefore, pursuant to 28 U.S.C. § 1404(a), respectfully requests this action be transferred from the U.S. District Court for the Central District of California to the U.S. District Court for the District of Massachusetts.  Defendant further contends that Plaintiff's claims are time-barred and therefore alternatively requests that this Court enter an order dismissing Plaintiff's claims with prejudice, without prejudice to the putative classes.

This Motion is based on this Notice, the Memorandum of Points and Authorities set forth below, the Declarations of Kara French and Holly Fahey, the Request for Judicial Notice, any oral argument that may be heard, and all pleadings and papers on file in this action.

This motion is made following the conferences of counsel pursuant to L.R. 7-3 which took place on January 15, 2021 and January 19, 2021.

Dated:  February 1, 2021

*/s/ Rod M. Fliegel*
ROD M. FLIEGEL
ALISON S. HIGHTOWER
LITTLER MENDELSON, P.C.

Attorneys for Defendant
INSULET CORPORATION

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

1

TABLE OF CONTENTS

2

Page

3   I.    INTRODUCTION ...................................................................................................1

4         A.   Summary of Motion ...................................................................................1

          B.   Statement of Issues to Be Decided............................................................2

5   II.   FACTUAL BACKGROUND ................................................................................2

6         A.   Plaintiff Seeks To Certify A Nationwide Class. .......................................2

7         B.   Defendant Is Headquartered In Acton, Massachusetts And Most Of The
               Witnesses And Evidence Are Located In Or Near Massachusetts. ...........3

8
               1.   Defendant Is Headquartered In Acton, Massachusetts....................3
9
               2.   Since At Least 2015, Defendant's Managers And Employees
10                  Have Mostly Lived And Worked In Or Near Massachusetts..........3

11             3.   Since At Least 2015, Defendant's Background Check
                    Program Has Been Managed From Massachusetts. .......................4
12
               4.   Since At Least 2015, The Employment Coordinators That
13                  Communicate With Job Applicants About Their Background
                    Checks Have Been Located In And Supervised From
14                  Massachusetts. ................................................................................4

15
               5.   Records And Information Regarding Background Checks
16                  And Communications With Applicants Are Located In Or
                    Accessible From Acton, Massachusetts. ........................................6
17

18  III.  ARGUMENT ........................................................................................................6

19        A.   The Court Should Transfer This Action For The Convenience Of
               Witnesses To The Situs Of Material Events In Massachusetts. ................6
20
          B.   Plaintiff Could Have Filed This Action In Massachusetts. .......................7
21
          C.   The Convenience Of The Parties And Witnesses And The Interest Of
22             Justice Will Be Served By A Transfer To Massachusetts. .......................8

23             1.   Massachusetts Is The Undisputed Situs Of Material Events...........8

24             2.   Massachusetts Is More Convenient For The Majority Of
                    Witnesses, And Sources Of Proof Are More Accessible
25                  From Massachusetts.......................................................................10

26             3.   Massachusetts Is More Convenient For The Majority Of
                    Potential Class Members. .............................................................13
27
               4.   Sources of Proof Are More Accessible From Massachusetts. ......14
28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

i.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

5. Plaintiff's Choice Of Forum Is Entitled To Little Weight. ...........15

6. The California Class Allegations Are Legally Immaterial............16

7. The Remaining Factors Favor Transfer Or Are Neutral. ..............16

8. Conclusion Regarding Transfer. ......................................................17

D. Alternatively, The Court Should Dismiss Plaintiff's Claims As Time-Barred. ........................................................................................................17

IV. CONCLUSION ..............................................................................................19

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

ii.

Case No. 2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alibris v. ADT LLC,*
No. 14–6367, 2014 WL 12600829 (C.D. Cal. Dec. 30, 2014) ............................................. *passim*

*Alibris v. ADT LLC,*
No. 9:14-CV-81616, 2015 WL 5084231 (S.D. Fla. Aug. 28, 2015) .........................................2, 18

*Anderson v. TransUnion, LLC,*
No. CV 17-1813, 2018 WL 334495 (E.D. Pa. Jan. 9, 2018) ....................................................8

*Berrellez v. Pontoon Sols., Inc.,*
No. 2:15-cv-1898, 2016 WL 5947221 (C.D. Cal. Oct. 13, 2016) .................................18

*Bogollagama v. Equifax Info. Servs., LLC,*
No. CIV.A. 09-1201, 2009 WL 4257910 (E.D. Pa. Nov. 30, 2009) ....................................8

*Bristol-Myers Squibb Co. v. Superior Court of Cal.,*
582 U.S. --, 137 S. Ct. 1773 (2017) ....................................................................7

*Core Litig. Tr. v. Apollo Glob. Mgmt., LLC,*
No. 2:17-cv-00927 JFW, 2017 WL 3045919 (C.D. Cal. Apr. 5, 2017) .........................10

*Cunha v. IntelliCheck, LLC,*
254 F. Supp. 3d 1124 (N.D. Cal. 2017) ....................................................................19

*Eastman v. First Data Corp.,*
No. CIV. 10-4860 WHW, 2011 WL 1327707 (D.N.J. Apr. 5, 2011) ...........................17

*Evancho v. Sanofi-Aventis U.S. Inc.,*
No. C 07 00098 SI, 2007 WL 1302985 (N.D. Cal. May 3, 2007)..............................13

*Eyer v. Equifax Info. Servs., LLC,*
No. 1:18-CV-00573, 2018 WL 2441517 (M.D. Pa. May 31, 2018)..............................8

*Ford Motor Co. v. Bandemer,*
U.S., No. 19-369 (review granted Jan. 17, 2020) ...............................................7

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.,*
U.S., No. 19-368 (review granted Jan. 17, 2020) ...............................................7

*In re Funeral Consumers Antitrust Litig.,*
No. C 05-01804 WHA, 2005 WL 2334362 (N.D. Cal. Sept. 23, 2005).......................12

*Houk v. Kimberly Clark Corp.,*
613 F. Supp. 923 (W.D. Mo. 1985) ...............................................................17

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

iii.                                    Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

*Jarvis v. Marietta Corp.*,
  No. C 98-4951 MJJ, 1999 WL 638231 (N.D. Cal. Aug. 12, 1999)................................14

*Jones v. GNC Franchising, Inc.*,
  211 F. 3d 495 (9th Cir. 2000)........................................................................................8

*Kisko v. Penn Central Transp. Co.*,
  408 F. Supp. 984 (M.D. Pa. 1976)...............................................................................17

*Koster v. Lumbermens Mut. Cas. Co.*,
  330 U.S. 518 (1947)...............................................................................................14, 15

*Lewis v. Sw. Airlines Co.*,
  No. 16-CV-00749-JCS, 2016 WL 3091998 (N.D. Cal. June 2, 2016) ................. *passim*

*Lopez v. BeavEx, Inc.*,
  No. 15-00550, 2015 WL 2437907 (N.D. Cal. May 20, 2015).........................10, 15, 17

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) .......................................................................................15

*Luna v. Wal-Mart Transp., LLC*,
  No. EDCV 18-331 .............................................................................................. *passim*

*Molina v. Roskam Baking Co.*,
  No. 1:09-CV-475, 2011 WL 5979087 (W.D. Mich. Nov. 29, 2011) ...........................11

*Pacific Car and Foundry Co. v. Pence*,
  403 F.2d 949 (9th Cir. 1968) .......................................................................................15

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981).......................................................................................................7

*Rodriguez v. U.S. Healthworks, Inc.*,
  388 F. Supp. 3d 1095 (N.D. Cal. 2009), *rev'd on other grounds*, 813 Fed. App'x
  315 (9th Cir. 2020).......................................................................................................18

*Roe v. Intellicorp Records, Inc.*,
  No. 12-CV-02567-YGR, 2012 WL 3727323 (N.D. Cal. Aug. 27, 2012)...................8, 14

*Ruiz v. Shamrock Foods Co.*,
  No. 2:17-cv-6017, 2018 WL 5099509 (C.D. Cal. Aug. 22, 2018) ...............................18

*Russell v. Werner Enterprises, Inc.*,
  No. C 14-3839 PJH, 2014 WL 4983747 (N.D. Cal. Oct. 6, 2014) ...............................15

*Stone v. U.S. Security Associates, Inc.*,
  No. 15–cv–00235, 2015 WL 2438029 (N.D. Cal. May 15, 2015) .........................10, 17

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

iv.                    Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ........................................................................................7

*In re Volkswagen AG*,
    371 F. 3d 201 (5th Cir. 2004) .......................................................................13

*Ward v. Family Dollar Stores, Inc.*,
    No. CV-06-CO-01060-W, 2006 WL 8435017 (N.D. Ala. Sept. 29, 2006) ...................................13

*Zuehlsdorf v. FCA US LLC*,
    2019 WL 2098352 (C.D. Cal. Apr. 30, 2019) ...............................................7

**Statutes**

28 U.S.C. § 1391 ...........................................................................................7

28 U.S.C. § 1404 ...............................................................................7, 13, 14

California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786..............2, 16, 18

Fair Credit Reporting Act, 15 U.S.C. § 1681 ........................................... *passim*

v.                      Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION**

3      **A.    Summary of Motion**

4          The Court should transfer this action to the U.S. District Court for the

5  District of Massachusetts because the situs of material events in Plaintiff's putative

6  ***nationwide*** class action against Defendant under the Fair Credit Reporting Act

7  ("FCRA"), 15 U.S.C. § 1681, *et seq.*, is in Massachusetts.

8          Plaintiff seeks to represent a nationwide class of ***anyone*** who applied for

9  ***any*** job with Defendant ***anywhere*** in the U.S. at ***any*** time since March 31, 2015. The

10  crux of Plaintiff's claim is that, as a matter of nationwide "policy and practice,"

11  Defendant failed to provide her and other applicants with sufficient disclosures before

12  procuring their background reports. The District of Massachusetts is the proper venue

13  for this action because Massachusetts is where Defendant is headquartered, where the

14  corporate decisions regarding Defendant's background check program were and are

15  made, where pertinent evidence is maintained and stored, where the most applicants

16  were screened, and where the witnesses with current and past responsibility over the

17  background check program live and work. The Court should grant Defendant's motion

18  because the interests of justice and the convenience of witnesses warrant transfer. *See*,

19  *e.g.*, *Luna v. Wal-Mart Transp., LLC,* No. EDCV 18-331 PSG (KKx), 2018 U.S. Dist.

20  LEXIS 116339 (C.D. Cal. July 11, 2018) (transferring venue in a similar putative

21  nationwide FCRA class action against an employer to Arkansas, the location of the

22  defendant's headquarters, based on evidence that, *inter alia*, the disclosures which were

23  the focus of plaintiff's allegations and the heart of the action originated from the

24  defendant's headquarters); *Alibris v. ADT LLC*, No. 14–6367, 2014 WL 12600829

25  (C.D. Cal. Dec. 30, 2014) (transferring venue in a similar putative nationwide FCRA

26  ***and*** California class action against an employer to Florida for the same reason).

27          Alternatively, this Court should dismiss Plaintiff's claims as time-barred.

28  The law is clear that Plaintiff had to file her lawsuit within two years of the date she had

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1.

Case No. 2:20-cv-03022-MCS-ASx
NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

actual or constructive notice of the basic **_facts_** giving rise to her claims: (1) the alleged deficient background check disclosures; and (2) the background report itself.  Plaintiff did not need to know she had a legal claim, but only of those facts.  Because Defendant informed Plaintiff that she had to pass a background check to be hired, Plaintiff either knew or with reasonable diligence should have known of these facts when she started working for Defendant in November 2016.  Plaintiff filed her lawsuit well more than two years later in March 2020.  Her claims are therefore time-barred.  *See, e.g., Alibris v. ADT LLC*, No. 9:14-CV-81616, 2015 WL 5084231, at *7-8 (S.D. Fla. Aug. 28, 2015) (granting motion for judgment on the pleadings, following transfer from California, and dismissing similar FCRA **_and_** California claims as time-barred).

### B.    Statement of Issues to Be Decided

Whether the Court should transfer venue of this action to the situs of material events, which in this action is the District of Massachusetts, for the convenience of the parties and witnesses and in the interests of justice.

Whether the Court should dismiss Plaintiff's claims as time-barred because Plaintiff filed her lawsuit in March 2020, more than two years after November 21, 2016, the date she either knew, or with reasonable diligence should have known, that Defendant procured her background report after Plaintiff received the allegedly non-compliant disclosure and authorization forms.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff Seeks To Certify A Nationwide Class.

Plaintiff alleges that she is a former employee of Defendant.  (Dkt. 1, Complaint at ¶ 14.)  Plaintiff alleges that when she applied for her position in November 2016, Defendant failed to provide her with proper and complete informational disclosures related to its standard pre-employment background check in violation of the FCRA, 15 U.S.C. § 1681(b)(2), and the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786.  Plaintiff specifically alleges that Defendant procured her "consumer report" (*i.e.*, background report) "in connection with

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.
Case No.  2:20-cv-03022-MCS-ASx
NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

[her] employment application" and to "evaluat[e] [her] for employment." (*Id.* at ¶¶ 15-17.) Plaintiff alleges that Defendant's disclosure documents failed to satisfy the hyper-technical form and manner provisions in the two statutes. (*Id.* at ¶ 18.)

Plaintiff seeks to represent a nationwide and a California statewide class of anyone who applied for any job with Defendant anywhere in the U.S. at any time since March 31, 2015 as follows: a FCRA Class ("All of Defendant's current, former and prospective applicants for employment in the U.S. who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action"); and an ICRAA Class ("All of Defendant's current, former and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action"). (*Id.* at ¶¶ 19-20.)

**B.    Defendant Is Headquartered In Acton, Massachusetts And Most Of The Witnesses And Evidence Are Located In Or Near Massachusetts.**

### 1.    Defendant Is Headquartered In Acton, Massachusetts.

Defendant is headquartered near Boston in Acton, Massachusetts. (Declaration of Holly Fahey at ¶ 2.)  Defendant's prior headquarters was in Billerica, Massachusetts, and it still has a satellite office there. (*Id.*; Declaration of Kara French at ¶ 3.)  Plaintiff admits that Defendant is incorporated in Delaware. (Dkt. 1 at ¶ 8.)

### 2.    Since At Least 2015, Defendant's Managers And Employees Have Mostly Lived And Worked In Or Near Massachusetts.

Since at least 2015, Defendant's managers have mostly lived and worked near its headquarters in Billerica and now Acton, Massachusetts. (Fahey Decl. at ¶ 2.) Defendant's distribution center is in Billerica, Massachusetts. (French Decl. at ¶ 3.) While Insulet has employees working in many states, Massachusetts is the center of Defendant's executive operations, and is also the location where by far the most managers and employees live and work – approximately 57%. (*Id.* at ¶¶ 3, 4.)  Over

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

70% of Defendant's workforce is located in the New England region. (*Id.* at ¶ 4.)  On the other hand, going back to 2015, only a small number of employees (approximately 8.5%) have worked in California. (*Id.*)  No Human Resources manager with oversight of the background check process has lived or been assigned to work in California. (Fahey Decl. at ¶ 3.)

### 3. Since At Least 2015, Defendant's Background Check Program Has Been Managed From Massachusetts.

As of late 2014, Defendant's background check program was managed as part of recruitment (or "talent acquisition") by several managers mostly located in or nearer its company headquarters in Massachusetts. (Fahey Decl. at ¶ 4.)

Until in or about mid-2018, Holly Fahey, now Vice President of Human Resources, was one of several managers who generally oversaw the background check program as a team and were responsible for compliance with legal advice. (Fahey Decl. at ¶ 4.)  In late 2014, ADP Screening and Selection Services was the vendor conducting the background checks and issuing background reports.[1]  ADP has its headquarters in Colorado. (*Id.*)  In approximately September 2018, Insulet switched from ADP to Sterling Infosystems, Inc. to conduct the background screens and prepare background reports. (*Id.* at ¶ 5.)  Ms. Fahey was involved in the process of selecting Sterling. (*Id.*)

### 4. Since At Least 2015, The Employment Coordinators That Communicate With Job Applicants About Their Background Checks Have Been Located In And Supervised From Massachusetts.

While ADP was preparing background check reports for Insulet, from 2015 to mid-2018, Insulet's employment coordinators working out of the headquarters in Acton ordered the background screens and emailed the candidates the background check disclosure and authorization forms for them to consent to the background screen.

---

[1]    Ms. Fahey lives in North Carolina, but prior to the pandemic, spent approximately 25-50 percent of her time working at the corporate headquarters and traveling to other parts of the country. (Fahey Decl. at ¶ 3.)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4.                                      Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

(Fahey Decl. at ¶ 6.) The coordinators also prepared offer letters contingent on passing the background check and sent those offer letters to candidates. (*Id.*) The coordinators communicated with the candidates, including answering any of the applicants' questions regarding the background check process. (*Id.*)

Up until January 2017, the employment coordinators reported to Ms. Fahey. (Fahey Decl. at ¶ 6.) Starting in approximately January 2017, the coordinators started reporting to Ms. Shannon Cincotta, Senior Manager, Talent Acquisition. (*Id.*) In or about April 2018, Ms. Cincotta left the Company and in August 2018 Scott Sanfason, Senior Director, Talent Acquisition and Human Resources Information Services ("HRIS"), assumed these responsibilities. (*Id.*)

Mr. Sanfason oversaw a team of approximately seven recruiters that mostly lived and worked in Massachusetts. (Fahey Decl. at ¶ 7.) Prior to Mr. Sanfason's employment, Ms. Cincotta oversaw the recruiters, and before her, Ms. Fahey had that responsibility. (*Id.*) These recruiters conducted phone screens of applicants and may have answered applicants' questions regarding the Company's background check requirements. (*Id.*)

Mr. Sanfason left the Company in or about June 2020. (Fahey Decl. at ¶ 6.) Mr. Sanfason and Ms. Cincotta worked out of Company headquarters in Acton, Massachusetts and are still located in that state.[2] (*Id.*) Kara French, then Manager, Talent Operations and HRIS, assumed these responsibilities. (*Id.*) Ms. French works in Acton, Massachusetts, and lives nearby. (French Decl. at ¶ 2.) Ms. French – now Senior Manager for Human Resources Services – has day-to-day responsibility for overseeing and supporting the background check program nationwide, including general responsibility for compliance with  legal advice and communicating with

---

[2]    Ms. Cincotta works for Deciphera Pharmaceuticals, which is based in Waltham, Massachusetts. (Fahey Decl. at ¶ 6.) Mr. Sanfason works for Biogen Inc., which is based in Cambridge, Massachusetts. (*Id.*)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

5.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

Defendant's current background check company, Sterling Infosystems, which is based in Independence, Ohio.  (*Id*. at ¶¶ 2, 5-6.)

### 5. Records And Information Regarding Background Checks And Communications With Applicants Are Located In Or Accessible From Acton, Massachusetts.

Since approximately August 2016, Defendant has used two "applicant tracking" and HRIS systems to, among other things, store information about job applicants and their progress through the hiring process.  (Fahey Decl. at ¶ 5; French Decl. at ¶ 8.)  The HRIS systems store personal and other information about current and former employees, including their names, residential addresses, Social Security numbers, and dates of employment.  (French Decl. at ¶ 8.)  Sterling's background check portal is integrated with Insulet's applicant tracking system, Workday.  (*Id*.)  Ms. French is responsible for overseeing modifications to Workday and the Company's HRIS systems.   (*Id*.)    Defendant's information systems staff are located in Acton, Massachusetts.   (*Id*.)    Personnel files and applicant files are located in Acton, Massachusetts.  (*Id*.)

Background reports are not stored on Defendant's systems or in its files. Rather, Sterling stores background reports for Defendant and makes them accessible to authorized personnel in Acton, Massachusetts.  (French Decl. at ¶ 6.)  Background check authorizations completed by applicants also are not stored on Defendant's systems or in its files.  Instead, Sterling stores the authorizations and makes them accessible to authorized personnel in Acton, Massachusetts.  (*Id*.)  Sterling is located in Ohio, closer to Massachusetts than California.  (*Id*.)

### III.  ARGUMENT

### A. The Court Should Transfer This Action For The Convenience Of Witnesses To The Situs Of Material Events In Massachusetts.

The Court should transfer venue to the District of Massachusetts because both requirements for transfer are met here:  (1) the receiving district court is "a district or division where [the action] might have been brought," and (2) the transfer is for "the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

6.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).  Congress enacted this provision as a "'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).  Its purpose is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (superseded by statute on other grounds).

### B.   Plaintiff Could Have Filed This Action In Massachusetts.

The first requirement for transfer is met here because both proper venue and personal jurisdiction exist in the District of Massachusetts.  Venue is proper in a judicial district in which any defendant resides, and corporate defendants like Insulet "reside" in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  Defendant is headquartered and has its principal executive offices in Acton, Massachusetts.   (Fahey Decl. ¶ 2.) Defendant is subject to personal jurisdiction in Massachusetts and Plaintiff plainly could have filed her lawsuit there.  (By doing so, Plaintiff could have obviated any question whether this Court can exercise personal jurisdiction over non-California class members since Defendant is not subject to ***general*** personal jurisdiction in California. *Cf. Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 582 U.S. --, 137 S. Ct. 1773, 1781 (2017) (no personal jurisdiction over out-of-state residents in mass action seeking damages in California); *Zuehlsdorf v. FCA US LLC*, 2019 WL 2098352, *14 (C.D. Cal. Apr. 30, 2019) (dismissing class claims of non-residents against out-of-state defendant).[3]

---

[3]     The U.S. Supreme Court is now revisiting the standard for ***specific*** personal jurisdiction.  The cases are *Ford Motor Co. v. Bandemer*, U.S., No. 19-369 (review granted Jan. 17, 2020) and *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, U.S., No. 19-368 (review granted Jan. 17, 2020).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

7.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

**C.    The Convenience Of The Parties And Witnesses And The Interest Of Justice Will Be Served By A Transfer To Massachusetts.**

The second requirement for transfer is met here because the "situs of material events," the majority of witnesses, and the bulk of evidence are all located in or closer to Massachusetts than California.  The relevant factors to determine whether a transfer would be for the convenience of the parties and witnesses and "in the interest of justice" include the following:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties and the witnesses; (3) the ease of access to sources of proof; (4) the respective parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the chosen forum; (5) the familiarity of the forum with the applicable law; and (6) the relative court congestion and time to trial in each forum.

*Roe v. Intellicorp Records, Inc.,* No. 12-CV-02567-YGR, 2012 WL 3727323, at *2 (N.D. Cal. Aug. 27, 2012).  *Accord Jones v. GNC Franchising, Inc*., 211 F. 3d 495, 498-499 (9th Cir. 2000).  These factors support a transfer to the District of Massachusetts.

**1.    Massachusetts Is The Undisputed Situs Of Material Events.**

In FCRA cases, courts have **routinely** transferred venue to where the defendant conducted its business, because that is the "situs of material events."  FCRA actions are transferred to the location of the defendant's headquarters as the location of those "events or omissions giving rise to the claim."  *Anderson v. TransUnion, LLC,* No. CV 17-1813, 2018 WL 334495, at *2-3 (E.D. Pa. Jan. 9, 2018) (transferring venue to the forum where the defendant conducted its business); *accord Eyer v. Equifax Info. Servs., LLC,* No. 1:18-CV-00573, 2018 WL 2441517, at *4 (M.D. Pa. May 31, 2018) (same); *Bogollagama v. Equifax Info. Servs., LLC,* No. CIV.A. 09-1201, 2009 WL 4257910, at *6 (E.D. Pa. Nov. 30, 2009) (same).

For example, in a virtually identical class action, *Lewis v. Sw. Airlines Co.,* No. 16-CV-00749-JCS, 2016 WL 3091998, at *9 (N.D. Cal. June 2, 2016), the court granted the employer's motion to transfer because the operative common facts

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8.    Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

pertaining to allegations that the company violated the FCRA's disclosure requirements occurred where the background check process was conducted and supervised. *Id*. The court explained:

> This case focuses on an overarching question: whether Southwest's employment application process—which Southwest developed in and disseminated from the Northern District of Texas—complied with federal and state statutory requirements specifically with respect to the procurement of applicant background checks. None of the operative allegations in Lewis's Complaint occurred in this district. Many lie beyond California's borders. The center of gravity for this case therefore lies in the Northern District of Texas.

*Id*. at *8.

The same is true here. Plaintiff's Complaint specifically challenges the sufficiency of the "standard application materials" that Defendant presented to applicants during the hiring process since March 31, 2015. Plaintiff alleges that, as a matter of "policy and practice," Defendant failed to present applicants with sufficient, "stand-alone" disclosures before procuring their background reports. (Dkt. 1, ¶¶ 2, 4, 6, 14-26, 28-41, 44-57.) Since at least 2015, Defendant's Human Resources personnel with responsibility for and oversight of Defendant's background check program have worked in or closer to Massachusetts than California. (Fahey Decl. at ¶¶ 2-4; French Decl. at ¶¶ 2-4.)

Although Defendant denies that it violated the FCRA or that Plaintiff can certify any class, transfer of venue to the district of the defendant employer is nonetheless ***common*** in putative nationwide FCRA class actions. As the court found in *Luna,* 2018 WL 3569357, at *3, since "the central question" in a FCRA action under this section of FCRA is "whether the FCRA notice and request for authorization violated FCRA requirements, and whether any violation was willful," when "[a]ny conduct or decisions relevant to this issue would have developed in or disseminated from Defendant's headquarters," that district is more relevant for venue purposes than where plaintiff applied for the job. *Accord Lewis*, 2016 WL 3091998, at *8 (transferring putative nationwide FCRA action under § 1681b(b)(2) from California to state where

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

defendant was headquartered because Texas was "[t]he center of gravity for this case"); *Lopez v. BeavEx, Inc*., No. 15-00550, 2015 WL 2437907, at *3 (N.D. Cal. May 20, 2015) (transferring venue in similar putative nationwide FCRA class action against employer under § 1681b(b)(2) to the district with its headquarters based on evidence that, *inter alia*, key employee and third-party witnesses and documents were located there); *Alibris*, 2014 WL 12600829, at *3 (transferring venue in a similar disclosure [§ 1681b(b)(2)] class action to the location of defendant's headquarters in Florida); *Stone v. U.S. Security Associates, Inc*., No. 15–cv–00235, 2015 WL 2438029, at *3 (N.D. Cal. May 15, 2015) (transferring similar putative nationwide FCRA class action from California to Georgia, the location of defendant's headquarters).

Here, the situs of material events pertaining to Defendant's processes for seeking authorization for background checks, providing applicants a disclosure form relating to background checks, conducting background checks, and communicating with applicants about background checks indisputably is at its corporate headquarters in Massachusetts.  As in *Luna*, "the convenience of this forum to Plaintiff individually is outweighed by its inconvenience to the other parties: the putative class as a whole and Defendant."  *Luna*, 2018 WL 3569357, at *3.  The center of gravity and the situs of material events for this nationwide class action is in Massachusetts and the matter should be resolved there, not across the U.S. in Southern California.

### 2. Massachusetts Is More Convenient For The Majority Of Witnesses, And Sources Of Proof Are More Accessible From Massachusetts.

The convenience of party and non-party witnesses favors transfer to Massachusetts.  In resolving venue transfer motions, "[t]he convenience of the parties and the witnesses are often the most important factors."  *Core Litig. Tr. v. Apollo Glob. Mgmt., LLC*, No. 2:17-cv-00927 JFW (AGRx), 2017 WL 3045919, at *4 (C.D. Cal. Apr. 5, 2017) (transferring venue).

Here, the Human Resources team has and has had nationwide oversight and support responsibility for Defendant's background check program.  (Fahey Decl. at

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

10.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

¶¶ 4, 8; French Decl. at ¶¶ 5-7.)  The employment coordinators at headquarters interact with applicants, including preparing and providing conditional offer letters (stating, among other things, the requirement to pass a background check), including answering any questions regarding the background check process.  (Fahey Decl., ¶ 6.)  The coordinators employed at the time Plaintiff was recruited until approximately 2018 are no longer employed with Insulet but still living in New England.  (*Id.*)  Shannon Cincotta, former Senior Manager, Talent Acquisition, and Scott Sanfason, former Senior Director, Talent Acquisition & HRIS, who each oversaw these coordinators during the period of January 2017 until June 2020, are still working in Massachusetts today.  (*Id.*)  Massachusetts is a far more convenient forum for team members than California.

Transferring venue to Massachusetts is especially important here because, if a class is certified, the employment coordinators will testify as to facts Defendant relies upon to show that the claims of certain class members (those screened ***more than*** two years before Plaintiff filed her Complaint, *i.e.*, between March 31, 2015 and March 30, 2018) are barred by the discovery rule in the two-year statute of limitations.  Plaintiff seeks to certify a nationwide class action going back five years, even though class members who were screened more than two years ago may be time-barred from bringing those claims.  Ms. French and the coordinators communicate with candidates about, among other things, their background checks, including answering any questions from candidates.  (French Decl. at ¶ 7.)  These team members sent candidates offer letters contingent upon passing a background check and answered any questions regarding the background check process.  (*Id.*; Fahey Decl. at ¶ 6.)  The coordinators and their managers in Massachusetts therefore are important witnesses to establishing that putative class members had actual or constructive notice of the relevant facts to start the limitations period on their FCRA claim to accrue.[4]

---

[4] Such predominating individualized issues are fatal to class certification. *See Molina v. Roskam Baking Co.*, No. 1:09-CV-475, 2011 WL 5979087, at *6 (W.D. Mich.

11.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Courts have recognized the inconvenience and significant burdens being placed on **party** witnesses who have to travel to testify:

> As for the willing, the convenience-of-witnesses factor looms large. These individuals must take time out of their work and private time to travel to and from the place of trial, to live away from home and to wait around windowless corridors on call to testify. Back home, they have children to get to school, elderly parents to care for, jobs to do and lives to lead – all of which must be managed somehow or put on hold. Although lawyers tend to underestimate this burden, it is genuine, all the more so in a distant city. Even where a witness is an employee of a party and will be paid, the disruption is still a hard fact. The expenses of housing and meals, even if borne by a party, are nonetheless authentic outlays.

*In re Funeral Consumers Antitrust Litig.*, No. C 05-01804 WHA, 2005 WL 2334362, at *4 (N.D. Cal. Sept. 23, 2005) (transferring venue). However, non-party witnesses, including former employees of Defendant's Human Resources and Talent Acquisition Departments (*e.g.*, Ms. Cincotta and Mr. Sanfason), are also predominantly located in or closer to Massachusetts than California, and beyond the subpoena range for California. "Courts have recognized that convenience to non-party witnesses is important." *Lewis*, 2016 WL 3091998, at *6; *accord Alibris*, 2014 WL 12600829, at *3.

Thus, Defendant's current and former key employees with knowledge of its processes, its efforts to ensure compliance with the FCRA, and with access to the background screens conducted for Defendant nationwide are located in or near Massachusetts. Accordingly, the convenience of both party and non-party witnesses weighs in favor of transfer to Massachusetts.[5]

---

Nov. 29, 2011) (denying certification of putative nationwide FCRA action).

[5] Testimony from personnel from the background check companies also may be needed regarding the statute of limitations defense. Job applicants have rights under the FCRA to "dispute" inaccurate information in reports and request copies of reports. 15 U.S.C. §§ 1681g (right to request "file") and 1681i (right to submit dispute). An applicant's communications with Sterling, for example, which is located in Ohio and New York, would bear on the question whether they in fact learned that Defendant had procured their report.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

12.

Case No. 2:20-cv-03022-MCS-ASx
NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

With Los Angeles, California about 3,000 miles from Acton, Massachusetts, if trial in this matter is held in Los Angeles, Defendant's witnesses will spend most of a full work day simply travelling to Los Angeles. Once in Los Angeles, the witnesses will need to stay in hotels and wait for their turns to testify. All the while, they will be significantly limited in their ability to fulfill their obligations at home and at work. However, if this case were tried in Boston, Massachusetts, which is near Acton, most of Defendant's witnesses could be available with merely a few hours' notice because they live and work in the area. This would substantially reduce the disruption to the witnesses' personal lives and work. As the Fifth Circuit noted, "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F. 3d 201, 204-205 (5th Cir. 2004), *accord Ward v. Family Dollar Stores, Inc.,* No. CV-06-CO-01060-W, 2006 WL 8435017, at *3 (N.D. Ala. Sept. 29, 2006) (transfer to the district where the employer's headquarters was located "would save a considerable amount of resources regarding travel for key corporate witnesses, the transportation of documents and other evidence, and the avoidance of disruption of work and home schedules of the witnesses"). Thus, the convenience of witnesses in this case favors transfer to Massachusetts.

### 3. Massachusetts Is More Convenient For The Majority Of Potential Class Members.

Transfer to Massachusetts also will be more convenient for a significant majority of the potential class members should this action be litigated as a nationwide class action and their testimony is needed (*e.g.*, on Defendant's statute of limitations defense, such as whether they knew their job offer was contingent on passing a background check and that Defendant had procured their background reports). Courts routinely grant motions to transfer venue where the majority of putative class members reside and work outside of the district in which the litigation was initiated. *Evancho v.*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

*Sanofi-Aventis U.S. Inc.*, No. C 07 00098 SI, 2007 WL 1302985, at *4 (N.D. Cal. May 3, 2007) (transferring venue of class action where a greater proportion of the putative class members lived and worked on the east coast rather than the west coast); *Roe*, 2012 WL 3727323, at *4 (transferring venue); *Lewis*, 2016 WL 3091998, at *5-9 (same).

Here, available data shows that the majority of putative class members (approximately 71%) are in or far closer to Massachusetts than to California (French Decl. at ¶ 4), weighing in favor of transfer. More than half (57%) are in Massachusetts, compared to only 8.5% in California. (*Id*.) While Insulet has employed individuals in 47 states, in roughly half of those states it has employed no more than 10 people total going back to the beginning of 2015. (*Id*. at ¶ 3.) *Compare Luna*, 2018 WL 3569357, at *3 (transferring venue of similar FCRA action where 18% of putative class members resided in California).

### 4.    Sources of Proof Are More Accessible From Massachusetts.

Another factor that favors transferring this case to the District of Massachusetts is the ease of access to sources of proof in that district. Where, as here, "the location of the evidence is supported by other factors in favor of transfer, the relative ease of access to proof is an important factor to be considered in deciding whether to grant a motion to transfer under section 1404." *Jarvis v. Marietta Corp.*, No. C 98-4951 MJJ, 1999 WL 638231, at *5 (N.D. Cal. Aug. 12, 1999); *see also Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 526 (1947) (noting that the location of "the corporation's books, records and transactions will be important and only the defendant will be affected by the choice of the place of production of records").

Here, documents relevant to Plaintiff's claims and Defendant's background check program are located at or accessible from Defendant's corporate headquarters in Massachusetts. (French Decl. at ¶¶ 6-8.) Only authorized personnel on the Human Resources team in Massachusetts have access to all applicants' background authorization and disclosure forms and background reports compiled by Defendant's vendor, Sterling. (*Id*.)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

14.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

Thus, access to sources of proof and the persons who can testify regarding them would be facilitated by transferring this action to Massachusetts. *See Russell v. Werner Enterprises, Inc.,* No. C 14-3839 PJH, 2014 WL 4983747, at *2 (N.D. Cal. Oct. 6, 2014) (transferring venue to district where relevant records and persons familiar with them are located); *Lopez*, 2015 WL 2437907, at *3 (transferring venue in a FCRA class action to district containing defendant's corporate headquarters where the majority of documentary evidence was located in transferee district). This factor weighs in favor of transferring venue to the District of Massachusetts.

### 5.    Plaintiff's Choice Of Forum Is Entitled To Little Weight.

Since Plaintiff brings this action on behalf of a nationwide class, her choice of forum is not entitled to great deference. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (holding that when a plaintiff seeks to represent a nationwide class, their choice of forum is less significant). In *Koster*, the Supreme Court explained: "[w]here there are hundreds of potential plaintiffs . . . all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." 330 U.S. at 524.

Moreover, few of the material facts occurred in Southern California. As one district court found in a similar case where the plaintiff applied for the position and resided in California, the "bulk of the pertinent events did not occur" there, but rather at the location of defendant's headquarters. *Lopez,* 2015 WL 2437907, at *2. Venue thus was transferred to the district of the defendant's headquarters. *Id. Accord Luna,* 2018 WL 3569357, at *6 (transferring venue from California to Arkansas, the location of the defendant's headquarters, based on evidence that, *inter alia*, the disclosures which were the focus of plaintiff's allegations and the heart of the action originated from the defendant's headquarters); *see also Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration.").

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

15.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

6.     **The California Class Allegations Are Legally Immaterial.**

To oppose transfer, Plaintiff can be expected to emphasize how she is also seeking to certify a California class.  Those allegations are legally immaterial.  To begin with, Plaintiff does not and cannot allege any ***actual*** damages and cannot recover ***statutory*** damages for class members under the statute's plain text.  Cal. Civ. Code § 1786.50(a) ("Any actual damages sustained by the consumer as a result of the failure or, ***except in the case of class actions***, ten thousand dollars ($10,000), whichever sum is greater.").  What's more, courts have rejected this same argument in identical nationwide FCRA class actions that originated in California. *See, e.g., Lewis*, 2016 WL 3091998, at \*7-9 (Texas's local interest "predominated" notwithstanding the plaintiff's California background check claims, because the defendant was headquartered in Texas and made its key corporate decisions regarding its background check process there).  Thus, the Court should disregard Plaintiff's class allegations under the ICRAA as legally immaterial.

7.     **The Remaining Factors Favor Transfer Or Are Neutral.**

The remaining factors favor transfer or are neutral.  First, any local interest in this dispute is not in California, but rather in Massachusetts.  Judicial districts have a substantial interest in deciding controversies involving corporate citizens of their state and businesses that are headquartered within their district. *Lewis*, 2016 WL 3091998, at \*7-9.

Second, the familiarity of each forum with the applicable law is a neutral factor – as both this Court and the District of Massachusetts are sufficiently familiar with FCRA actions and class actions in general. *Rindfleisch v. Gentiva Health Sys*., Inc., 752 F. Supp. 2d 246, 261 (E.D.N.Y. 2010) ("this factor is to be accorded little weight ... because federal courts are deemed capable of applying the substantive law of other states"); *and see Lewis*, 2016 WL 3091998, at \*6-9 (transferring putative nationwide FCRA class action notwithstanding California ICRAA class claims); *Alibris*, 2014 WL 12600829, at \*2 (same).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

16.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

Third, due to the delays and congestion caused by the Covid-19 pandemic, the Central District of California and the District of Massachusetts can be expected to resolve cases in roughly the same amounts of time. But for what it's worth, before the pandemic in 2019 the Central District of California and the District of Massachusetts resolved civil cases in roughly the same amount of time. (Request for Judicial Notice ("RJN"), ¶¶ 1-2, Exhs. A-B.) The median months to trial in civil cases was 22.3 in the Central District of California, and 29.2 in the District of Massachusetts. (*Id.*) However, ultimately, the relative caseload of the courts is not a factor of great importance, and does not tip the balance in either party's favor. *See Eastman v. First Data Corp.,* No. CIV. 10-4860 WHW, 2011 WL 1327707, at *5 (D.N.J. Apr. 5, 2011); *Kisko v. Penn Central Transp. Co.*, 408 F. Supp. 984, 987 (M.D. Pa. 1976). Transferring this action to the District of Massachusetts would not unduly delay trial. Moreover, absent a truly exceptional disparity, which does not exist here, the relative conditions of the court calendars in transferor and transferee districts are generally entitled to little consideration. *Houk v. Kimberly Clark Corp.*, 613 F. Supp. 923, 932 (W.D. Mo. 1985).

### 8.    Conclusion Regarding Transfer.

In sum, on this evidentiary record, the Court should grant Defendant's motion because the interests of justice and the convenience of witnesses warrant transfer to the District of Massachusetts. No reason exists to reach an outcome squarely at odds with the result of numerous prior cases addressing precisely this same question (*e.g.*, *Luna*, *Lewis*, *Lopez*, *Alibris*, *Stone*, etc.).

### D.    Alternatively, The Court Should Dismiss Plaintiff's Claims As Time-Barred.

If the Court does not transfer this action, it should dismiss Plaintiff's FCRA and ICRAA claims as time-barred.

A FCRA claim must be brought the ***earlier*** of (1) within ***two years*** of "the date of discovery by the plaintiff of the [alleged] violation"; or (2) five years after the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

17.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

date of the alleged violation.  15 U.S.C. § 1681p (emphasis added).  *See also* Cal. Civ. Code § 1786.52 (ICRAA's similar two-year discovery rule).

The statute of limitations on the Section 1681b(b)(2) claim begins to run when the plaintiff learned, or should have learned with reasonable diligence, that a background check had been conducted based on the allegedly invalid disclosure and authorization forms.  *Alibris*, No. 9:14-CV-81616, 2015 WL 5084231, at *7-8.  Courts can adjudicate this defense on the pleadings, as a matter of law, and thereby spare the defendant the expense and disruption from sweeping nationwide discovery.  *See, e.g., id.* (granting motion for judgment on the pleadings and dismissing FCRA and ICRAA disclosure claims as time-barred).

If an applicant knows employment is conditioned on passing a background check, as here, then they are deemed to have at least constructive knowledge that the employer procured their background check by their first day of employment.  *Rodriguez v. U.S. Healthworks, Inc.*, 388 F. Supp. 3d 1095, 1103-1104 (N.D. Cal. 2009), *rev'd on other grounds*, 813 Fed. App'x 315 (9th Cir. 2020) (Mem.); *see also Ruiz v. Shamrock Foods Co.*, No. 2:17-cv-6017, 2018 WL 5099509, at *6 n.6 (C.D. Cal. Aug. 22, 2018) (dismissing claims on limitations grounds where plaintiffs "were aware by their first day of employment . . . that background reports had issued," since they knew that their offer of employment was conditioned on a successful background check); *Berrellez v. Pontoon Sols., Inc.*, No. 2:15-cv-1898, 2016 WL 5947221, at *6-7 (C.D. Cal. Oct. 13, 2016) (dismissing claims on limitations grounds where, "by the time plaintiff began his assignment with [the employer], plaintiff had constructive notice that [the employer] had procured a background check").

The facts here are materially identical to *Rodriguez*, *Ruiz*, and *Berrellez* and there is no reason for a different outcome.  Plaintiff completed an employment application that stated outright and unambiguously: "The Company ***conducts pre-employment background checks***, and you will be ***required*** to authorize the Company to conduct a background check."  (French Decl. at ¶ 9, Exh. B, p. 3 (emphasis added).)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

18.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

Plaintiff's offer letter likewise stated: "This offer of employment is contingent upon the satisfactory completion of professional references and a background check *prior to your start date*."[6] (*Id*. at ¶ 8, Exh. A (emphasis added).) Plaintiff alleges that she "applied for a job with Defendant in or around November *2016* and worked for Defendant until on or about July 2018." (Dkt. 1, Complaint, ¶ 14 (emphasis added).) Plaintiff's claims are time-barred as a matter of law because she filed her lawsuit well over two years later in March 2020. Plaintiff's individual FCRA and ICRAA claims should be dismissed with prejudice and without leave to amend because she cannot amend to evade these indisputable facts (*i.e.*, it would be futile). The class claims should be dismissed without prejudice.

## IV. CONCLUSION

Since the situs of material events is in Massachusetts, Defendant respectfully requests the Court grant Defendant's motion and transfer this action to the District of Massachusetts. Massachusetts is where Defendant is headquartered, where the corporate decisions regarding Defendant's background check process were made, where pertinent evidence is maintained and stored, and where the witnesses with current and past responsibility over the background check program live and work. Important non-party witnesses who had responsibility over Defendant's background check program and recruitment are located in Massachusetts – far beyond the subpoena range from California. The coordinators who are important witnesses to determining whether the statute of limitations bars the claims of some class members reside in or nearer Massachusetts than California. Trial in Massachusetts also will be more convenient for

---

[6]    Plaintiff's Complaint refers to her application to work for Defendant. (Dkt. 1, ¶¶ 14-17.) Thus, the Court can consider it under the incorporation by reference doctrine. *See, e.g., Cunha v. IntelliCheck, LLC*, 254 F. Supp. 3d 1124, 1128 (N.D. Cal. 2017) (relying on the doctrine to consider the plaintiff's background report). Plaintiff's allegation that she was hired necessarily implies the fact she was offered the job. Although her employment application is sufficient by itself, the conditional offer letter also can be considered. *Id.*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

19.

Case No.  2:20-cv-03022-MCS-ASx

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP

1  most of the FCRA class members because 71% live in the northeastern U.S., with 57%

2  in Massachusetts compared to only 8.5% in California.

3          Alternatively, the Court should dismiss Plaintiff's individual FCRA and

4  ICRAA claims as time-barred, because Plaintiff either knew or with reasonable

5  diligence should have known of the facts giving rise to her claims when she started

6  working for Defendant in November 2016.  Leave to amend should be denied as futile.

7  Dated:   February 1, 2021

8                                             */s/ Rod M. Fliegel*
9                                             ROD M. FLIEGEL
                                              ALISON S. HIGHTOWER
10                                            LITTLER MENDELSON, P.C.

11                                            Attorneys for Defendant
                                              INSULET CORPORATION

12

13  4850-2239-2791.2 094738.1066

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

NTC OF MTN & MPA ISO DEFT'S MTN TO TRANSFER VENUE OR FOR JOP